swer.   But we do not think, under the facts in this case, that it authorized the Judge to dismiss the certiorari.   He should have granted the order moved for by the plaintiff's counsel, and have directed the Justice of the Peace to file his answer in conformity to law.

Judgment reversed.

_____

329    *WM. B. GAULDEN, plaintiff in error, *v.* JOHN STOD-DARD, defendant in error.

(Atlanta, June Term, 1870.)

MOTION FOR NEW TRIAL—SLAVE DEBTS—NO JURIS-DICTION TO GRANT NEW TRIAL.—Where a verdict was had in 1867, and a new trial was moved for by the defendant at the same term of the Court, on the ground that the Court erred in sustaining the demurrer to the defendant's pleas, one of which stated the consideration of the debt sued on was slaves, and the motion for a new trial was not heard until April, 1870, when the movant objected to its consideration, on the ground that the Court, under the Constitution of 1868, had no jurisdiction to hear and determine the same:

*Held,* that the whole record, including the demurrer, being before the Court, the fact that the debt was for slaves stood as admitted, and the Court errer in hearing and deciding the motion for new trial, and ought to have let the motion stand as it found it.

Constitutional Law.   Slave debts.   Before Judge Schley.   Liberty Superior Court.   April Term, 1870.

Stoddard on the 13th of October, 1866, sued Gaulden for a balance due upon his notes, due on the 1st of January, 1856, 1857 and 1858, respectively.   Gaulden pleaded the general issue, the statute of limitations, that in 1853 and 1854 he bought a number of slaves and had paid all of the purchase money but the balance due on these notes, which were given for said slaves; that they were warranted, which warranty had been broken by the laws of emancipation, and, therefore, the consideration had failed.   The Court struck this last plea on demurrer.   The notes were read in evidence over Gaulden's objection, and the jury found a verdict against him for the principal and interest due on the notes.   This occurred in December, 1867.

· Gaulden moved for a new trial, upon the grounds that the Court erred in striking said plea and allowing the notes to go to the jury. This motion was not heard till April, 1870.   (The record says April, 1867, but this is error.)   At said hearing, Gaulden insisted upon said grounds for a new trial, and further insisted that under the Constitution of 1868 the jurisdiction of the Superior Court over these slave notes had been taken away.   The Court refused a new trial, and that is assigned as error.

330        *Wm. B. Gaulden, for plaintiff in error.
        Wm. S. Bassenger, for defendant.

McCAY, J.

The only point made in this case, not covered by frequent decisions made at this and other terms, since the adoption of the Constitution of 1868, is whether upon the face of the record it appears that the consideration of the cause of action is "a slave, or the hire thereof."

At the regular pleading term, the defendant filed a plea, in which it is distinctly stated that the notes sued on were given for slaves. The plaintiff demurred to the plea, and the demurrer was sustained. The motion for a new trial contains, as one of the grounds, that the Court erred in sustaining the demurrer.

This brings immediately before the Court the record of the plea and demurrer, and the Court is called to decide upon it. The question the Court is asked to decide is this: Admitting that this note is given for slaves, is this a good plea? In our judgment, under the Constitution, the Superior Court has no jurisdiction of such an issue.

And, we think, the Court ought not to have granted a new trial, but ought to have refused to hear the motion. The Constitution makes the Superior Court the keeper of the record, and that is all. It is to be left as the Court finds it, the motion pending, ready to be taken up by any Court which the people of Georgia may hereafter clothe with jurisdiction over it.

Judgment reversed.

---

*MARGARET A. O'BYRNE et al., plaintiffs in error, v. THE MAYOR AND ALDERMEN OF SAVANNAH, defendants in error.

(Atlanta, June Term, 1870.)

TAXATION—RIGHT TO TAX—MUNICIPAL CORPORATION.—The right of taxation is inherent in the sovereign. So far as it exists in a municipal corporation, it is by grant, and is called a franchise.

SAME—SAME—DE FACTO GOVERNMENT — ENFORCEMENT OF ASSESSMENT AFTER OVERTHROW.—A de facto government which is able to maintain its supremacy by its armies may exercise this power, and those who are subject to its control are bound to obedience. But if it assesses a tax and is overthrown before it is collected, the rightful sovereign whose power is established will not enforce such assessment against the subjects of the government dejure.

SAME—PAYMENT TO DE FACTO GOVERNMENT—RECOVERY—OBLIGATION TO PAY.—In such case those who have paid the tax to the defacto government while it was supreme have no means of recovering it back; and those who did not pay till its overthrow, are under no obligation to pay.

SAME—NOTE FOR ASSESSMENT BY CONFEDERATE GOVERNMENT—VOID.—A note given since the war to the Mayor and Council of Savannah, for tax assessed by the city authorities during the existence of the Confederate Government but not collected, is void for want of consideration.